UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY M. CHURCH, | Case No. 20-10959 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 21, 22)**

Plaintiff Tammy M. Church brings this non-disability action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her request that self-employment earnings from 2005 be credited to her earnings record. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 21), the Commissioner's cross-motion for summary judgment (ECF No. 22), Plaintiff's response (ECF No. 23) and the administrative record (ECF No. 18).[1]

For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 21), **GRANT** Defendant's

---

[1] References to the administrative record are identified as "Tr."

motion for summary judgment (ECF No. 22), and **AFFIRM** the Commissioner's decision.

I.     **DISCUSSION**

    A.     **Background and Administrative History**

Plaintiff currently receives monthly Title II disability insurance benefits, which began in February 2012. (Tr. at 11). In 2017, Plaintiff requested self-employment earnings from 2005 be credited to her earnings. The requested relief would increase her monthly Title II disability insurance payment. Plaintiff's request was denied at the initial level as the Social Security Administration, citing the incorrect authority, found Plaintiff's tax return was not timely filed. (TR. at 99-100).

Following the Social Security Administration's determination, Plaintiff requested reconsideration and sought a hearing before an administrative law judge (ALJ). (Tr. at 105). On April 8, 2019, ALJ JoErin O'Leary held a hearing. Plaintiff appeared and opted to proceed without the assistance of counsel. (Tr. at 11, 17-18). On May 22, 2019, ALJ O'Leary issued an opinion, which denied Plaintiff's request to have her earnings record adjusted to reflect self-employment from 2005. (Tr. at 11-13).

Plaintiff submitted a request for review of the hearing decision. (Tr. at 5-6). However, on February 18, 2020, the Appeals Council denied Plaintiff's request for

review. (Tr. at 1-4). Thus, ALJ O'Leary's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on April 17, 2020.

### B. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**C.     Analysis**

A claimant receiving disability benefits may request a correction to their self-employed earnings record. 42 U.S.C. § 405(c)(4). The Social Security Administration's general policy regarding correction is the tax return must be filed within three years, three months, and 15 days after the year in which the self-

employment income was earned, usually April 15th of the third year after earning the income. RS 01804.150, "Establishing SEI for Prelag Years," SSA Program Operation Manual System (POMS) RS 01804.150, *available at* https://perma.cc/2ZMF-RNX5;[2] *see also* 42 U.S.C. § 405(c)(4)(C). Pursuant to prevailing jurisprudence, however, the policy is different for disability claimants that reside in the Sixth Circuit. *See Grigg v. Finch*, 418 F.2d 661 (6th Cir. 1969). For disability claimants such as Plaintiff, the Social Security Administration must follow the "Grigg Acquiescence Ruling," AR 86-20(6). AR 86-20(6) provides: a claimant may request a credit of self-employed income where he or she did not file an income tax return reflecting the income and where the time limitation to file the tax return has run. RS 02201.020, "Correction to a Self-Employed Person's Earnings Record in the Sixth District," SSA POMS, *available at* https://perma.cc/E82S-KVE2. In *Grigg*, the court found 1099 forms filed by a third party, rather than tax returns filed by the claimant, satisfied the requirements for inclusion as tax returns. 418 F.2d at 664. Accordingly, the Administration will credit self-employment income if the following three conditions are satisfied:

> (1) the worker's receipt of self-employment income is documented by Internal Revenue Service Forms 1099

---

[2] POMS is an internal Social Security Administration manual. The guidelines do not have legal force but provide persuasive authority and understanding to the Administration's policies. *See Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) ("POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law.").

>> (2) timely filed by disinterested third parties
>
> (3) reflecting the payment of self-employment income to the worker in the period alleged.

AR 86-20(6), 1986 WL 68652, at *3 (May 23, 1986).

By way of background, Plaintiff filed a tax return in 2005 reflecting income of $16,800. Sometime in 2009, the IRS became aware of a 2005 form 1099 filed by Henkels & McCoy, Inc., for non-employment compensation totaling $93,125 addressed to "Tammy Church TA R&R Utilities." (Tr. at 42). As will be discussed in further detail below, Plaintiff testified she did not include the disputed income in her initial return because she "forgot" about the $93,125. (Tr. at 19-21). Plaintiff owed $11,571.00 in self-employment tax on that income, which has since been satisfied. (Tr. at 43, 65). Plaintiff now seeks to add the $93,125 to her self-employment earnings record for 2005 so that her monthly disability payments will be increased. (Tr. at 20; Tr. at 68).

The ALJ in this matter relied upon AR 86-20(6). (Tr. at 11-12). The parties do not dispute that Plaintiff satisfied the first two conditions. (ECF Nos. 21, 22). The parties dispute the ALJ's conclusion on the third condition. The ALJ determined the 1099 provided in the record to reflect self-employment income did "not conclusively represent self-employment performed by the claimant. To the contrary, it appears to be income paid to a partnership with what the claimant

6

admits were illegal dealings and tax evasion issues." (Tr. at 12). The ALJ based her decision on (1) the inconsistency between Plaintiff's reported earnings in other years and her testimony that she "forgot" about the $93,125 of self-employment from 2005, (2) the inconsistency in Plaintiff's testimony regarding the ownership of the company to which the 1099 is directed—R&R Utilities, LLC, and (3) the fact that the 1099 did not reflect deductions for expenses and the like because of Plaintiff's failure to provide supporting information. (*Id.*).

Plaintiff contends the ALJ misinterpreted the evidence and her testimony. She insists her testimony was not that she and her ex-significant other were partners in R&R Utilities, LLC, but rather that she was partners with him in another company and had tax issues involving the other entity. (ECF No. 21). The Commissioner maintains the ALJ's decision is supported by substantial evidence, namely, the 1099 and Plaintiff's testimony. (ECF No. 22).

In the view of the undersigned, the ALJ's decision is supported by substantial evidence. As discussed more fully below, although there can be competing interpretations of some of the evidence, the ALJ's interpretation adequately supports her decision.

In reaching her decision, the ALJ first compared Plaintiff's earnings in other tax years against what she earned during 2005, including the $93,125. The ALJ suggested Plaintiff's testimony that she "forgot" about the $93,125 in 2005 was

inconsistent with her reporting income in other years and the fact that Plaintiff never earned as much as she did in 2005 was inconsistent with forgetting $93,125. The earnings report gathered by the Social Security Administration shows Plaintiff's income from 1996 to 2011. (Tr. 141-44). The highest income aside from 2005 came in 2001 and 2004. In 2001, Plaintiff reported $34,500.00 in income. (Tr. at 141-42). In 2004, she reported $44,719.00. Of that amount, $14,300 in wages is credited to R&R Utilities LLC.

The undersigned agrees with the ALJ that it is troubling Plaintiff would forget she earned $93,125 in a single year related to self-employment income. Plaintiff testified her lapse in memory was due to personal issues concerning a disillusion of her personal relationship, relocating from her home, and a failure to recall receiving the 1099 in question. (Tr. at 22, 23, 26). Although Plaintiff was dealing with personal difficulties at the time, it seems incredible a person would forget they made nearly $100,000 in a year from self-employment—significantly more than any other year—despite those struggles.

Next, the ALJ pointed out the 1099 was addressed to "Tammy Church TA R&R Utilities," and Plaintiff's testimony with regard to the ownership of R&R Utilities was less than clear. A company named Henkels & McCoy, Inc., filed the form 1099-MISC with the IRS for "Tammy Church TA R&R Utilities" for "non-employee compensation" in the amount of $93,125.00, which is reflected in the

8

IRS Wage and Income Transcript. (Tr. at 42). The address line on the 1099 indicates it was sent to "T A R&R Utilities LLC" located on Meridian Road in Michigan. (*Id.*). Plaintiff argues she was the sole owner of the company, but did not point to any conclusive evidence in the record establishing the ownership.[3]

At the hearing, the ALJ asked Plaintiff how she lost track of the income paid to her by Henkels & McCoy. Plaintiff explained:

> Henkels & McCoy is the company that our company –
> my company worked for, my company, R&R Utilities. I
> had other income that was reported that they deducted.

(Tr. at 26). In addition, Plaintiff made reference to tax issues resulting from her failure to include the $93,125 in her tax return. According to Plaintiff, the IRS eventually seized her home and applied the proceeds from the sale of the property to her tax debt. Plaintiff explained,

> No, there's more taxes than $12,000.[4] It was a
> partnership I was in with my ex. That's why we
> separated, because I didn't know what he was getting me
> into. So, I mean, there's a whole lot more to the story
> how I owe. . . . I don't think it pertains to this.

---

[3] The undersigned does not accept Plaintiff's statement in her brief that she was the sole owner of R&R Utilities LLC. Statements made in a party's brief are not evidence. *See Duha v. Agrium, Inc.,* 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in the parties' briefs are not evidence.") (citation omitted).

[4] Plaintiff owed approximately $12,000 in self-employment tax based on the income received from Henkels & McCoy.

(Tr. at 24). She testified the behavior of her former significant other led to their relationship dissolving. (Tr. at 27). According to Plaintiff, his behavior at job sites was improper and illegal. (*Id.*).

There are two justifiable interpretations of Plaintiff's testimony. One is that R&R Utilities was her company and she had another, separate partnership with her ex-significant other. Another interpretation is the one the ALJ relied upon—Plaintiff worked with her ex for R&R Utilities, or the ownership of the company is at least ambiguous. Plaintiff referred to the company as "our company" and mentioned "[i]t was a partnership I was in with my ex" without clarifying whether she was talking about R&R Utilities or another company. (Tr. 24). Plaintiff carries the burden of demonstrating entitlement to a correction to the earnings record. *See Johnson v. Berryhill*, 2017 WL 906957, at *6 (E.D. Ky. Mar. 7, 2017) (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010)); *see also* 42 U.S.C. § 405(c)(4)(C) (The absence of records as to self-employment income is conclusive evidence that no such income was derived unless the income is timely/properly shown *by the claimant*). Vague testimony does little to meet her burden.

The ALJ also relied on the fact the substituted tax return did not reflect any deductions related to self-employment. Specifically, the ALJ quoted the language stating deductions may not be reflected in the 2009 substitute return due to

Plaintiff's "failure to provide supporting information." (Tr. at 12). The ALJ is implying because Plaintiff did not provide documentation of any deductions for expenses related to self-employment, the income was not self-employment income. Read in whole, the IRS stated the substituted tax return "may not reflect certain deductions, expenses, exemptions, credits and other tax benefits, such as cost of capital items, due to your failure to file your return and provide supporting information." (Tr. at 68). Although it is possible the lack of deductions is simply due to Plaintiff's failure to file a proper return, the ALJ's reliance on the lack of deductions for self-employment expenses as evidence that there were no such expenses is not wholly unreasonable. Notably, while one would expect to see deductions for self-employment-related expenses, Plaintiff did not provide any evidence in the record establishing the existence of such expenditures.

This case comes down to competing interpretations of the evidence. The ALJ viewed the evidence in such a way as to cast doubt that the 1099 reflects payment of self-employment income to Plaintiff. The substantial evidence standard by which this Court is bound "presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). The Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a

different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence *but less than a preponderance*; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip*, 25 F.3d at 286)) (emphasis added). Although the evidence could be viewed in Plaintiff's favor, because the evidence can also be viewed in support of the ALJ's decision, and that evidence is more than a scintilla of evidence, the undersigned suggests the decision be affirmed.

### D. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 21), **GRANT** Defendant's motion for summary judgment (ECF No. 22), and **AFFIRM** the Commissioner of Social Security's decision.

## II. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 11, 2021      s/Curtis Ivy, Jr.
                             Curtis Ivy, Jr.
                             United States Magistrate Judge