UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY M. CHURCH,

    Plaintiff,

vs.

Civil Action No. 20-10959
HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 26), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 25), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21), (4) GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 22), (5) AND AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Tammy Church appeals from the final determination of the Commissioner of Social Security denying her request that self-employment earnings from 2005 be credited to her earnings record to increase her Title II disability insurance benefits. The matter was referred to Magistrate Judge Curtis Ivy, Jr. for a Report and Recommendation (R&R). The parties filed cross-motions for summary judgment (Dkts. 21, 22), and Magistrate Judge Ivy issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Church's motion for summary judgment (Dkt. 25). Church filed objections to the R&R (Dkt. 26), and the Commissioner filed a response (Dkt. 27).

For the reasons that follow, the Court overrules Church's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, Church's motion is denied, and the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Church filed eight objections to the magistrate judge's R&R. Each argument is addressed. For the sake of brevity, certain objections are addressed together. Church's first and eighth objections are addressed jointly, due to the similar nature of these objections. Church's second, third, sixth, and seventh objections are also addressed jointly, given the shared bases for these objections. Church's fourth and fifth objections are addressed separately.

### A. Objections One and Eight

In her first objection, Church broadly argues that the administrative law judge's (ALJ's) opinion "is based on errors and misinterpretations of facts and consequently errors in application

of the law." Obj. at 2 (Dkt. 26). Church also broadly argues in her eighth objection that the "Magistrate and ALJ did not exercise or heightened duty to develop the record of an unrepresented litigant," and, therefore, "[t]he Magistrate and ALJ's final decision was based on application of erroneous legal standards." Id. at 7. Such general objections to the entirety of the magistrate judge's report have "the same effects as would a failure to object" because such generalized objections fail to focus the district court's attention "on any specific issues for review, thereby making the initial reference to the magistrate useless." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Depweg v. Comm'r of Soc. Sec., No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) ("Plaintiff's bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.").

Due to Church's failure to object to a specific portion of the R&R, her first and eighth objections are overruled.

### B. Objections Two, Three, Six, and Seven

Church's second, third, sixth, and seventh objections concern the ALJ's conclusion that the subject self-employment income from 2005 did not represent work performed exclusively by Church but rather, most likely represented income paid to a partnership, "Tammy Church TA R&R Utilities" (hereafter, "Utilities Partnership"), which Church owned with her ex-husband. The ALJ reached this conclusion based, in part, on Church's own testimony. When discussing the self-employment tax that she owed for 2005, Church appeared to refer to Utilities Partnership as a

jointly owned company, stating, "It was a partnership I was in with my ex." Transcript of Soc. Sec. Proceedings at PageID.120 (Dkt. 18).

In her second and third objections, Church argues that she was the sole owner of Utilities Partnership, and that her testimony regarding her partnership with her ex-husband referred to a different entity. Objs. at 3–4. However, Church's ad hoc explanation does not constitute evidence. See Duha v. Agrium, Inc., 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence."). As the magistrate judge states, it was reasonable for the ALJ to conclude, based on Church's testimony before the ALJ, that Church and her ex-husband shared ownership of Utilities Partnership or, at minimum, that the ownership of Utilities Partnership was too ambiguous to conclude that Church had carried her burden of demonstrating that income earned by Utilities Partnership belonged exclusively to Church. R&R at 10. Church's objections do not show that the ALJ's conclusion is not supported by substantial evidence.

In her sixth and seventh objections, Church argues that the Form 1099-MISC reporting the subject self-employment earnings from 2005 constitutes conclusive evidence of her sole ownership of Utilities Partnership. See Objs. at 6–7. This argument is unavailing, given that the 1099 does not conclusively establish Church's sole ownership. As the magistrate judge noted, the ALJ considered the 1099 and pointed out that it was addressed to "Tammy Church TA R&R Utilities," the ownership of which was ambiguous in light of Church's testimony. R&R at 8–10. To the extent that the 1099 could be said to provide some support for Church's position, it is the ALJ's prerogative—not the reviewing court's—to weigh the evidence. The Court declines to accept Church's implicit invitation to reweigh the evidence in her favor. See Brainard v. Sec'y of Health

& Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) ("We do not review the evidence de novo, make credibility determinations nor weigh the evidence.").

Accordingly, Church's second, third, sixth, and seventh objections are overruled.

**C. Objection Four**

In her fourth objection, Church argues that the ALJ erred "when she stated that Plaintiff did not earn the 2005 self-employment earnings and indicates that there was an inconsistency between Plaintiff's reported earning in other years." Objs. at 5. The Commissioner argues that "Plaintiff appears to misapprehend the import of the ALJ's consideration of evidence in other earnings years":

> As the Magistrate Judge discussed and the ALJ found, the highest total earnings Plaintiff reported in any year was $44,719 in 2004, and second highest was $34,500 in 2001. (Report 7-8; ECF No. 18, PageID.108, 242.) In 2005, Plaintiff reported income of $16,800. Id. The ALJ compared this record evidence with Plaintiff's subjective statements, which she was permitted to do. See Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001) (the ALJ's findings concerning a claimant's subjective statements are entitled to deference and this Court "may not disturb" them "without a compelling reason")[.] At the hearing, Plaintiff testified that she did not report over $90,000 of alleged self-employment income in 2005 because "[she] never paid attention to [her] earnings reports" (ECF No. 18, PageID.118) and that she "didn't know that [she] had that . . . [and] forgot all about it." (ECF No. 18, PageID.123.) The record evidence suggests that Plaintiff timely reported income for years before and after 2005, that never exceeded $45,000 in a single year. Thus, the Magistrate Judge properly determined that the ALJ reasonably found that Plaintiff's hearing testimony that she failed to declare self-employment income of over $90,000 because she "forgot all about that" and "never paid attention" was not consistent with her prior or subsequent reported earnings. (Report 8; ECF No. 18, PageID.108, 118, 123.); see Smith, 307 F.3d at 379.

Resp. to Objs. at 6 (Dkt. 27).

The Commissioner is correct. As the Commissioner explains, the earnings from years other than 2005—each under $45,000—cast serious doubt on Church's testimony that she would not pay attention to or would forget about the subject 2005 earnings, which were over twice as high (over $90,000). This in turn casts doubt on Church's testimony regarding what she earned in 2005

5

income. And, in any event, the ALJ did not solely rely on the earnings from other years to reach the conclusion that the evidence did not conclusively show that the self-employment income from 2005 was exclusively earned by Church.

For these reasons, Church's fourth objection is overruled.

### D. Objection Five

In her fifth objection, Church contends that the magistrate judge erred by agreeing with the ALJ that it is doubtful that Church would actually forget about earning $93,125, arguing, for the first time, that she was dealing with unrelated stressful situations and forgets things when she is stressed. Objs. at 5. Church's argument is not evidence, however, see Duha, 448 F.3d at 879, and it is not the Court's place to second-guess the ALJ's credibility determinations, see Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. at 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Consequently, Church fails to provide a valid basis upon which the Court could determine that the ALJ's decision is not supported by substantial evidence.

Church's fifth objection is, therefore, overruled.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Church's objections (Dkt. 26) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 25). The Commissioner's motion for summary judgment (Dkt. 22) is granted, Church's motion for summary judgment (Dkt. 21) is denied, and the Commissioner's decision is affirmed.

SO ORDERED.

Dated: June 22, 2021  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge